## Partnership Liquor License

KANE, Attorney General, September 23, 1975.—You have asked for our opinion as to whether a limited partnership is considered a natural person or a corporation with respect to the residence requirements of section 403 of the Liquor Code of April 12, 1951, P. L. 90, 47 PS §4-403. It is our opinion that a limited partnership is not considered a natural person or a corporation for such purpose and that there are no residence requirements for limited partnerships at all.

Section 403 of the Liquor Code sets forth the requirements of applicants for a hotel liquor license, restaurant liquor license or club liquor license or for the transfer of an existing license. Subsections (b), (c) and (d) of section 403 provide:

"(b) If the applicant is a natural person, his application must show that he is a citizen of the United States and has been a resident of this Commonwealth for at least two years immediately preceding his application.

"(c) If the applicant is a corporation, the application must show that the corporation was created under the laws of Pennsylvania or holds a certificate of authority to transact business in Pennsylvania, that all officers,

directors and stockholders are citizens of the United States, and that the manager of the hotel, restaurant or club is a citizen of the United States.

"(d) Each application shall be signed and verified by oath or affirmation by the owner, if a natural person, *or, in the case of an association, by a member or partner thereof*, or, in the case of a corporation, by an executive officer thereof or any person specifically authorized by the corporation to sign the application, to which shall be attached written evidence of his authority." (Emphasis supplied)

Since partnerships are not mentioned with respect to residence or citizenship[1] requirements, it must be determined whether the legislature intended partnerships to be considered as a collection of natural persons, all of whom must meet the two-year residence requirements, or whether it intended partnerships merely to register in Pennsylvania and meet the citizenship requirements applicable to corporations, or whether it intended no residence, citizenship or registration requirements to apply to partnerships at all.

The key to the legislative intent is found in subsection (d) above, which makes a distinction between a natural person, an association and a corporation for purposes of executing the application. An association is defined in the Liquor Code as follows:

"'Association' shall mean a partnership, limited partnership or any form of unincorporated enterprise owned by two or more persons": 47 PS §1-102.[2]

Since subsection (d), which treats associations as distinct from natural persons and corporations, fol-

---

[1] The citizenship requirements of subsections 403(a) and (c) (47 PS §4-403(a) and (c)) were determined by the Attorney General to the unconstitutional. See Official Opinions Nos. 23 and 48 of 1974, 4 Pa. Bulletin 964, 2152.

[2] See also subsection 403(e) which specifically allows an applicant to be an association but makes no provision regarding the residence requirement of its members.

lows close on the heels of subsections (b) and (c) which provide residence and citizenship requirements for natural persons and corporations, it must be presumed that the legislature intended to exclude associations from residence or citizenship requirements; otherwise it would have specifically provided for them. And since an association is defined to include partnerships and limited partnerships, it follows that there are no residence or citizenship requirements with respect to hotel, restaurant or club licenses for partnerships or limited partnerships. While it may be difficult to understand why the legislature would impose residence requirements on natural persons and not partnerships, we cannot say it intended to do so when by the plain language of the statute it did not. When the words of a statute are clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit: Statutory Construction Act of December 6, 1972 (No. 290), §1921(b), 1 Pa. C.S. §1921(b).

Therefore, it is our opinion, and you are advised, that a limited partnership (as well as a general partnership) is classified neither as a natural person nor a corporation for purposes of the residence requirements of hotel, restaurant or club licenses and for such licenses there are no residence requirements applicable to partnerships at all.[3]

In addition, to answer your related question, where a corporation is the general partner in a limited partnership, the provisions of section 403(c) are not applicable. Section 403(c) is applicable only where the applicant is a corporation, but where the applicant is a limited partnership, it does not apply even if a corporation is one of the partners.

---

[3] Because of the lack of uniformity with natural persons, we suggest the matter be submitted to the legislature for possible amendment.